UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

JULIAN COLLAZO,

          Plaintiff,

      v.                                        Case No. 24-cv-1137-bhl

MIEKE KELLERMANN and
GOTTFRIED KELLERMANN,

          Defendants.

─────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────

Plaintiff Julian Collazo, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint on a "notice of claim" form, alleging misconduct under the Federal Tort Claims Act. This matter comes before the Court on Collazo's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Collazo has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Collazo has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $13.68. Collazo's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review and dismiss any complaint or portion thereof that raise claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

2

## ALLEGATIONS OF THE COMPLAINT

Collazo filed a notice of claim form seeking damages from Neuroscience, Inc. CEOs Mieke Kellermann and Gottfried Kellerman for medical malpractice and misconduct under the Federal Tort Claims Act. According to Collazo, he suffered "unbearable torture" during an MRI, at which time his brain was scanned while he was watching and/or listening to stimuli projected on a screen. He states that the scan was responsive to what he saw and heard without his consent, causing him pain. Dkt. No. 1. On September 18, 2024, Collazo clarified that he "wanted to make a Federal Torts Claim Act not a 1983 action" and that he is "suing a Federal Governed Employee." Dkt. No. 7.

## THE COURT'S ANALYSIS

"The Federal Tort Claims Act (FTCA) gives district courts exclusive jurisdiction over claims for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Keller v. U.S.*, 771 F.3d 1021, 1022-23 (7th Cir. 2014) (citing 28 U.S.C. §1346(b)(1) and §2674). "Prisoners can sue under the FTCA to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of negligence of a government employee." *Id.* (citations omitted).

Putting aside the fact that it is not clear what misconduct Collazo believes the Kellermans engaged in and that he is a state (not federal) prisoner, the complaint fails to state a claim under the FTCA because the Court cannot reasonably infer that the Kellermans are employees of the federal government. It appears that they are private citizens who Collazo identifies as the CEOs

of a private corporation. And, for the avoidance of doubt, while Collazo asserts that he intends to sue under the FTCA, the Court confirms that the complaint also does not state a claim under 42 U.S.C. §1983 because nothing in the complaint suggests that the Kellermans are state actors. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.")

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Collazo believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **November 25, 2024**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it. If an amended complaint is not received, the Court will dismiss this action based on Collazo's failure to state a claim in his original complaint. If Collazo does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further.

**IT IS THEREFORE ORDERED** that Collazo's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **November 25, 2024**, Collazo may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Collazo a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common

Questions," along with this order. Collazo must use the form if he chooses to file an amended complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Collazo shall collect from his institution trust account the $336.32 balance of the filing fee by collecting monthly payments from Collazo's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Collazo is transferred to another institution, the transferring institution shall forward a copy of this Order along with Collazo's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Collazo is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Collazo is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on October 28, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge